■ In the Matter of T. EDWIN DENTON, Respondent, against JAMES CONNOLLY, Appellant.— In a summary proceeding to recover possession of real property (an apartment) on the ground that the tenant breached the covenants of the lease, the tenant appeals from a final order of the City Court of Mount Vernon, which, *inter alia,* awarded possession of the apartment to the landlord. Order reversed on the law and the facts, without costs, and the proceeding remitted to the City Court of Mount Vernon to make findings of fact on the issue of whether the tenant breached the lease covenant to clean the halls and stairs of the building and keep the sidewalk free of snow. The trial court failed to make findings on such issue. The trial court found that the tenant conducted a painting business in the demised apartment and thereby breached the lease covenant to use the apartment exclusively for a private residence. In our opinion, the evidence is insufficient to establish that the tenant conducted such business in the apartment. The evidence shows that the tenant's son was in the painting business, that the telephone in the apartment was listed in the son's name as painter, that the son's name was listed in the classified business telephone directory as painter and that the son had a display advertisement in that directory showing the telephone number and address of this apartment, that the truck used in the son's business bore the address of this apartment, and that on occasions the landlord saw men in painters' uniforms entering and leaving the apartment and entering and leaving the truck. The evidence further shows: (a) that the above telephone listings also contained a second and different address and telephone number for the son's painting business; and (b) that the principal place of such business was not in the demised apartment. We hold that such evidence is insufficient to prove a breach of the covenant to use the premises exclusively for a private residence. Beldock, Acting P. J., Ughetta, Christ, Pette and Brennan, JJ., concur.